ENVIRONMENTAL DEFENSE FUND, INC., *v.* DIRECTOR
OF AGRICULTURE DEPARTMENT.

1. AGRICULTURE—PEST CONTROL—DISCRETION OF AGRICULTURE DEPARTMENT.

   Decisions regarding the need to use pesticides in a certain area and the effect of such use are a matter of discretion left to the wisdom and judgment of the State department of agriculture (CL 1948, § 286.201 *et seq.*, as amended).

2. SAME—PEST CONTROL—DISCRETION OF AGRICULTURE DEPARTMENT.

   Decision by State agriculture department to use the pesticide Dieldrin in certain areas of Berrien county for the purpose of controlling the Japanese beetle, *held*, on record presented, not an abuse of discretion (CL 1948, § 286.201 *et seq.*, as amended).

Original action for mandamus in the Court of Appeals. Submitted Division 3 November 10, 1967, at Grand Rapids. (Docket No. 4,594.) Decided November 14, 1967. Opinion filed June 24, 1968. Leave to appeal denied November 22, 1967. See 379 Mich 789.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur 2d, Agriculture § 38 *et seq.*

Complaint by Environmental Defense Fund, Incorporated, for itself and on behalf of all others similarly situated, against B. Dale Ball, Director, Michigan Department of Agriculture; Dean Lovitt, Chief, Plant Industry Division, Michigan Department of Agriculture; and Donald White, Regional Supervisor, Plant Industry Division, Michigan Department of Agriculture, for a writ of mandamus to prevent the Michigan Department of Agriculture from spraying the pesticide Dieldrin on certain areas of land in Berrien county to eradicate the Japanese beetle. Writ denied.

*Yannacone & Yannacone* and *Fox, Thompson & Morris,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis J. Carrier* and *Maurice M. Moule,* Assistant Attorneys General, for defendants.

PER CURIAM. The department of agriculture determined in its judgment that the use of Dieldrin in the eradication of the Japanese beetle, a declared nuisance, was necessary to protect the agricultural crops in the Berrien county area. Under the appropriate statute* and in collaboration with the United States department of agriculture the Dieldrin plan was drafted and the required notices were served.

The evidence produced before the Court was to the effect that the department of agriculture had made its determination after considering the need and also the effect of such use of Dieldrin. Such a decision is one of discretion left to the wisdom

---

* CL 1948, § 286.201 *et seq.,* as amended (Stat Ann 1967 Rev and Stat Ann 1968 Cum Supp § 12.201 *et seq.*).

and judgment of the Michigan State department of agriculture.

We find no abuse of discretion and, therefore, the writ of mandamus is denied and the temporary restraining order heretofore issued is dissolved.

BURNS, P. J., and FITZGERALD and HOLBROOK, JJ., concurred.